Ms. Treeca J. Dyer Attorney at Law Lafayette Building, Suite 550 523 South Louisiana Little Rock, Arkansas 72201
Dear Ms. Dyer:
This is in response to your request, on behalf of your client and pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the Department of Community Punishment ("Department") to release certain documents relating to your client's termination from the Department to the Arkansas Democrat-Gazette and to the Division of Youth Services (your client's current employer) would be consistent with the provisions of the Arkansas Freedom of Information Act, ("FOIA" or "act") codified at A.C.A. §§ 25-19-101 to -107(1987 and Cum. Supp. 1993).
Specifically, a reporter for the Arkansas Democrat-Gazette has requested access to "all information" regarding your client, who, it is stated, was terminated from the Department on April 7, 1995. Specifically, the reporter seeks "details concerning [the] termination, and whether that termination was in some part a result of an alleged case of sexual misconduct with a female inmate" in the Department's custody. In addition, the Director of the Division of Youth Services, (a division of the Department of Human Services) has requested "the portion of the personnel file of [your client] which is releasable pursuant to Arkansas' Freedom of Information Act. . . ." The Department has informed your client that it intends to release "evaluation records" related to your client's termination from the Department pursuant to A.C.A. § 25-29-205(c)(1) (the subdivision of the FOIA governing "employee evaluation or job performance records"). You ask whether this decision is consistent with the FOIA.
I have not been provided the records in question, and thus cannot make a conclusive determination as to the disclosability of each and every record. It is my opinion, however, that records relevant to the termination of your client, including the records of any investigation of an incident or incidents prompting the termination, are in all likelihood "job performance records" for purposes of the FOIA, and would appear in this case to be subject to disclosure under the act. Other records, which are not "employee evaluation or job performance records" may be "personnel records" for purposes of the FOIA, and should be disclosed except to the extent that the disclosure would constitute a "clearly unwarranted invasion of personal privacy."
You state in your request that the disclosure of the records of the investigation of the alleged grounds for the termination of your client would be a "clear invasion of his personal privacy," citing A.C.A. §25-19-105(b)(10). You also stated that the information contained in the investigation reports is "of a personal or intimate nature sufficient to give rise to a substantial privacy interest" citing Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). It is clear, however, that to the extent the records are "employee evaluation or job performance records" this is not the proper standard. See Op. Att'y Gen. 89-073
and Watkins, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at 123. The act makes a distinction between "personnel records" and "employee evaluation or job performance records." (TheYoung case involved personnel records). The former are disclosable except to the extent their release would constitute a clearly unwarranted invasion of personnel privacy.[1] The latter are exempt from disclosure unless the employee has been suspended or terminated, the records formed a basis for the suspension or termination, the subject of the records has exhausted all administrative remedies available to him, and there is a compelling public interest in disclosure. This office has previously opined that records of investigations of employee misconduct, including sexual misconduct, are "job performance records."See Ops. Att'y Gen. 94-119, 93-356, 92-310, 91-003, 89-073 and 88-162. Your client was terminated from the Department. The relevant records thus meet the first prong of the test. Whether a particular record "formed a basis" for the termination (the second prong of the test) is a factual issue, which can only be decided by the custodian of the records. The third prong of the test appears to have been satisfied in this instance. It appears that all "administrative remedies" have been exhausted. It has been previously opined that this phrase refers to "the final decision making step taken by the employing entity." See Opinion 91-003, citing Watkins, supra. (1st ed. 1988) You indicate that there has been no "final resolution" of this matter because no court has yet ruled on the issue of whether your client was terminated for cause or wrongfully terminated. This is not the test, however, for purposes of the FOIA. The act refers to the exhaustion of "administrative remedies." It is my opinion, additionally, that there is a "compelling public interest" in the disclosure of these records. It has been concluded several times by this office that allegations of sexual misconduct of public employees gives rise to a "compelling public interest." See Op. Att'y Gen. 94-119 (allegations of sexual misconduct of university president which resulted in termination give rise to a compelling public interest); Op. Att'y Gen. 93-356 (allegations of sexual misconduct of school principal which resulted in termination give rise to a compelling public interest); and Op. Att'y Gen. 89-073 (allegations of sexual misconduct of police officers which resulted in suspension give rise to a compelling public interest).
You have indicated that you believe there is no "compelling public reason for disclosure" and that "when balanced with [your client's] right to privacy, the law favors non-disclosure because of the potential for public embarrassment and consequences to his professional and personal reputation." It has been previously concluded, however, in an analogous context, that the balance tips in favor of disclosure where the allegations involve sexual misconduct by a manager directed toward a worker. See again, Op. Att'y Gen. 91-003.
As a final matter, you note that it is your client's position that the allegations of the inmate are false and to release this information to your client's current employer or the newspaper would be, in light of his objections, actionable as an invasion of privacy under 42 U.S.C. § 1983. That federal statute provides that "[e]very person, who, under color of any statute . . . subjects . . . any citizen . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured. . . ." It should be noted in this regard that the provisions of the Arkansas FOIA must yield where the Fourteenth Amendment to the United States Constitution would require nondisclosure. The relevant test for such constitutional privacy interests is set out inMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989), and is discussed in detail in Op. Att'y Gen. 93-356, a copy of which is enclosed for your review. The question of whether the release of the information requested would run afoul of constitutional provisions must be made by the custodian, who has access to all the relevant documents.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The test for these types of records is set out in detail in Op. Att'y. Gen. 94-119, a copy of which is enclosed for your review. It is this test the custodian should employ in determining whether any "personnel records" are subject to disclosure under the act.